3-18-0171, People of the State of Illinois, Appellee by Mark Austell v. Daniel C. Minor, Appellant by Mark Fisher Mr. Fisher Good morning, Your Honors. May it please the Court, counsel. Representing the defendant in this case, Daniel Minor, and Mark Fisher from the Appellate Defenders' Office. Mr. Minor pled guilty to a charge of driving while license suspended and a charge of aggravated DUI. Specifically, he admitted that in December 2012, he drove a motor vehicle while having some amount of cannabis in his system. He was involved in an accident which took his passenger's life. He was sentenced to a term of 12 years imprisonment, just two years short of the statutory maximum. Two issues are raised in this appeal. The first issue, the defendant maintains that the 2012 provision of the aggravated DUI drug statute under which he was prosecuted was unconstitutional because it failed a rational basis test. He therefore asked this Court, Issue 1, to declare that version of the statute unconstitutional and accordingly to reverse his conviction outright. Alternatively, in Issue 2, he seeks sentencing relief. He asked Your Honors to either reduce his sentence to a term of years closer to the statutory minimum or to remain for resentencing because the sentence enclosed in this case was an abuse of the judge's discretion and the judge considered improper factors in arriving at that sentencing decision. In argument today, I'd like to address both of these issues. Now, a very similar constitutional challenge was made to the misdemeanor DUI drug statute 1994 in People v. Fate. The Illinois Supreme Court in Fate first noted that the purpose of the DUI drug statute was to preclude individuals from driving motor vehicle vehicles in Illinois while impaired by drugs. The Court of Fate went on to compare and contrast the DUI drug statute with the DUI alcohol statute, particularly that subsection of the DUI alcohol statute which precludes an individual from operating a motor vehicle while having a blood alcohol content of 0.08 or greater. The Court logically noted that scientists had determined that an individual with that amount of blood alcohol content is presumed to be impaired, that is, presumed to be unable to safely operate a motor vehicle. But in contrast, the Court noted that at that time, in 1994, scientists were unable to exactly measure the amount of cannabis or other drugs in a person's system and unable to determine the threshold amount of cannabis or other drugs that would render a driver impaired. Now, the Court in Fate did note that a person who has a very small amount of drugs in his system is likely not impaired, but the Court noted that the line could not be drawn, the line between impairment and unimpairment could not be identified. As a result, I think the Court in Fate assumed that a large percentage of individuals who have some drugs in their system are likely impaired. In any event, the Court found that the statute was constitutional, it satisfied the rational basis test, it tended to achieve the legislative objective of preventing impaired drivers from being on the road. Well, in the intervening years since Fate was decided, there have been scientific advancements which have underlined the factual underpinnings of the Fate decision. First of all, scientists can now measure the amount of cannabis in an individual's system and can determine the threshold amount of cannabis that presumptively renders a driver unable to safely operate his or her vehicle. In addition, scientists have now determined that when cannabis is consumed, it breaks down into certain components. One of those components is THC, and THC causes impairment. That's the shorthand for the name of this particular component. In turn, THC metabolizes into hydroxy-THC, which is also impairing. But within a matter of just a few hours, hydroxy-THC metabolizes into carboxy-THC, and carboxy-THC does not cause impairment. In addition, scientists have found that carboxy-THC can remain in a person's system for up to 30 days. We therefore now know that, in effect, this statute prevents or prohibits an individual from driving a motor vehicle up to 30 days after ingesting cannabis, even though a person is only impaired for a matter of hours after ingesting cannabis. As a result, we now know something that the court of fate did not know, and that is that this statute prohibits a great deal of lawful conduct on the impaired driver. Well, what lawful conduct? Isn't smoking dope unlawful? Sure. So what lawful conduct is it? Well, if an individual is driving along a lot and has some drugs in his or her system, but is not impaired, they may be guilty of the possession of cannabis from the time they consumed the cannabis, but they shouldn't be separately punished for driving if having some amount of cannabis in his or her system doesn't impair the individual. That's the problem. Here, in this case, we're dealing with an aggravated DUI statute, which carries an enhanced class D felony between 3 and 14 years in prison. So that's the problem. Now, most of the subsections of the aggravated DUI statute and of the misdemeanor DUI statute require a showing of impairment, driving under the influence, whether it be drugs or alcohol. This is one of those subsections that does not require a showing of driving under the influence. And so the defendants in this, that because this statute likely punishes more innocent conduct than criminal conduct, it does not satisfy the rational basis test. And Mr. Munger, therefore, is asking this court to declare the 2012 version of the statute under which he was prosecuted unconstitutional and to reverse the condition. Just out of curiosity, do you know if any court has ever done so yet, or this DUI statute, or a similar other state statute? Well, I'm not sure if I'm exactly understood. Well, in other words, would we be the first court to declare a statute like this unconstitutional? Oh, I see what you're saying. Well, with respect to this statute, this particular statute, I believe so. I will add, however, and I've also argued this in briefs and also wanted to make this point today, because I think it's very important in terms of what is the state of the law today. And I think it also reflects on the fate decision. In effect of July 2016, the Illinois legislature amended this statute in very important ways. First of all, to remove cannabis from the provision of the statute under which Daniel Munger was prosecuted. At that time, it was a crime to drive with any amount of cannabis or other drugs in a person's system. The provision still exists with respect to other drugs, but the legislation removed cannabis from that subsection. Legislature enacted a new subsection limited to cannabis. Two very important things, however, the legislature now requires a showing of a specific threshold amount of cannabis. And this is in the statute, a specific amount of cannabis in the individual's system. And it has to be shown that that was found within two hours of the driving incident. So, number one, I would submit to this court that the legislature no doubt did this because of the advancements in the science. It realized that there were problems with the old statute. Now scientists can make these specific determinations. So the legislature, as a result, amended the statute in these ways. In addition, because this statute has been amended, the defendant is very specific about asking this court to find either the 2012 version of the statute under which he was prosecuted, or alternatively the statute prior to 2017 unconstitutional. And if your honors agree, I think it will have somewhat limited impact because of the change in the legislature. So the defendant, in effect, the defendant is not arguing that fate was wrongly decided. In effect, the defendant is arguing that if fate were decided today, it would be decided differently. In addition, I think it's important to point out that although these amendments by the legislature were enacted in July 2016, approximately three and a half years after the incident for which Minor was prosecuted, in the brief defendant has cited a case law that was decided prior to the December 2012 driving incident that pointed out these advancements in the science. And so even then the defendant submits there was good reason to hold that the statute was no longer constitutional, and would no longer satisfy the rational basis test. So for all of these reasons, Mr. Minor is asking this court to reverse this conviction outright. Now, alternatively, Mr. Toomey seeks sentencing relief. I mentioned previously this was an enhanced Class II felony carrying a sentence of three to 14 years imprisonment. Probation was still a sentencing option, but the judge had to find extraordinary circumstances existed in order to impose probation. And Mr. Minor is not arguing that he should have received probation, nor is he arguing that he should have received the minimum prison time. What he is arguing is that the 12-year sentence, which again is just two years short of the statutory maximum, was an abuse of discretion, and he is therefore asking this court, in the alternative, to reduce that 12-year sentence to a term of years closer to the statutory minimum of three, or to remand for resentencing. And he makes this argument based on records showing the circumstances surrounding the offense, Mr. Minor's personal characteristics, and his conduct between the time of the guilty plea and the time of the sentencing hearing. Thank you. Mr. Minor made consistent and uncontradicted statements to the police at the scene, to the person who compiled the pre-sentence report, and to the judge sentencing, that on the morning in question, he and his passenger were driving to a construction work site when an animal darted out into the road in front of his vehicle, causing him to swerve to attempt to avoid the animal. At the time, he was on a curve in the road. He lost control of his vehicle. The vehicle flipped over. A passenger who was not wearing a seatbelt was thrown from the vehicle and tragically suffered fatal injuries. There's absolutely no showing that Mr. Minor was under the influence of drugs or that there was any correlation between the cannabis in his system, filed a few hours later and at some point after the incident, and the driving incident. In addition, Mr. Minor did have a couple of prior convictions, but those took place back when he was approximately 19 and 22 years of age. He was 34 at the time of this incident. Prior to- after the plea, but prior to sentencing, he was released from custody with certain conditions that he had to meet, and he complied with all of those conditions. For one thing, he was to obtain employment. He obtained two different jobs. Another was to abstain from drugs. He was drug tested. His drugs were clean. Perhaps most importantly, he was to obtain drug treatment. He underwent not just one, but two separate drug programs, and he satisfactorily completed those. In addition, there were letters written on his behalf, saying he was a good person and he was committed to his rehabilitation and he was remorseful, and he expressed that remorse at sentencing. The prosecutor of sentencing said all of this showed that he was turning his life around. The judge himself said it appeared that he had been rehabilitated and that he was unlikely to commit future crimes. Thank you. Under all of these factors, the defendants admit that the record shows that this man should not have received such a harsh sentence, and there were factors discussed in the brief, the judge imposed sentence as if he believed this was a case of impaired driving. That's clear from his comments at sentencing and at the re-hearing about sending a message to the public and about the defendants should have known that this was likely to occur because of his cannabis use. The judge was acting under a serious misapprehension here as to what the offense required, as to what the guilty plea was all about. For all of these reasons, Mr. Meyer respectfully asks the court to grant sentencing relief as an alternative to declaring the statute unconstitutional in reverse of his condition. Thank you, Mr. Oswald. Thank you. Mr. Fisher, I'm sorry, Mr. Oswald.  May it please the court. Counsel. First issue, the counsel claims that Section 1150186 is unconstitutional because it does not pass the rational basis test. Our Supreme Court of Faith found the prior version of the statute, which was Section 50185, to be constitutional. That version of the statute has the same wording as Section 50186 had issued. The faith court stated, the statute is intended to keep drug-impaired drivers off the road at the lowest levels of drug ingestion. No one is impaired. At the highest levels, all are impaired. In the vast middle range, however, the tolerance for drugs varies from person to person and from drug to drug. In this range, depending on the drug and depending on the person, some will be impaired and some will not be impaired at all. The same is also true for alcohol itself, a drug. The faith court held, given the vast number of contraband drugs, the difficulties in measuring the concentration of these drugs with precision from blood and urine samples, and finally, the variation in impairment from drug to drug and from person to person, we believe that this statute constitutes a reasonable exercise of the state's police power. This court in Rennie found the law in effect in 2012 to be constitutional in that it treated all people who ingested illegal substances the same, and it bears a rational relationship to the state's legitimate interest in protecting the public from drivers whose driving may be impaired by controlled substances. Isn't that exactly the argument that both in Faden and Rennie at that time, the science just didn't exist that would allow for, you know, a medical expert to come in and say, at this level, there's no impairment, but at this level with THC, you're impaired and are unable to drive, just like they can when they, you know, test the serum alcohol level in someone's blood, that they can say there's a baseline of a presumption of impairment. You know, there was a time when you couldn't do that, and DUI laws, of course, evolved. I mean, isn't that exactly what the defendant is arguing, that at the time that these cases were decided, the science didn't allow for the differentiation, so it met the rational basis test. But now that we can do that, it's no longer rational to lump everyone together when we can differentiate what level of THC impairs a driver. The current statute does not list impairment. So though we have specific, the current version of the law is found now in 501A7, and it prohibits driving with a THC concentration as defined in section 501.286, and it has specific numbers, the General Assembly stated in 501.2B-51 that the specified minimum concentrations of THC in the blood and other bodily fluids give rise to the presumption that one is under the influence of cannabis. It doesn't say anything about impairment. In the next section, we clarify in B-25, or B-52 rather, that having lower concentrations of THC in one system does not give rise to a presumption that the person is not under the influence. So there's no impairment discussed in this brand new statute that has those specific concentrations. It talks about being under the influence. So I think it does not in any way make the other constitutional constitution. I'm not sure what the difference is there. I'm not sure what the nuance is there. Well, one can be under the influence and not be impaired. One can have a glass of wine. Let's say we've got the DUI statute for alcohol, and we have a specific .08, and at that point people are considered impaired, but you can still be charged with driving under the influence of alcohol under lower levels of that, but you're not considered impaired at that time. But some persons, myself included perhaps, a little smaller... I don't agree with that. If I drink too much, you know, compared to some people, I'm impaired. You know, it's just, as the fate court, it varies from person to person. But with this particular standard in the current law, it doesn't specifically speak to impairment. That's never been a particular factor in this law. And therefore, the current version of the law does not show that the 2012 version of the law did not meet the rational basis test. And contrary to the defendant's claim as a reply brief, this court should continue to follow our Supreme Court's decision of fate and its own decision in running and hold that the 2012 version of 50186 remains constitutional. As far as the second issue, the defendant asks the court to reduce the sentence or remand for resentencing. The defendant was driving on a suspended license with cannabis in his system and he had a single-car rollover accident in which he's passed and died after being ejected from the car. The defendant pled guilty to driving while license was suspended and to a Class 2 aggravated DUI, which has the sentence range of from 3 to 14 years in prison. Judge Cusack did not abuse his discretion when sentencing the defendant within the statutory range to 12 years in prison. After hearing on the motion to reconsider this original sentence, Judge Cusack admitted that he had improperly considered the defendant to cause serious bodily harm when initially sentencing the defendant. But after reviewing the factors, the facts, the judge found the 12-year sentence was necessary to deter others and the sentence was appropriate even without consideration of the improper factor. The following remand, there was a 604D violation. This court sent it back. Judge Ierulli heard testimony that the defendant stopped smoking cannabis after the accident. Cannabis-related charges pending at the time of his original sentence had been dismissed and that the defendant was educating himself in prison and behaving well. The judge informed the defendant that he would give due consideration to the defendant's observation that the DUI law had changed to presume DUI at specific levels of cannabis. Judge Ierulli took no judicial notice of the transcripts of the prior sentencing proceedings, the exhibits that entered into aggravation, the medication offered, and the arguments and evidence presented at the motion hearing. Judge Ierulli noted that the defendant had made good use of his time in prison, but the judge noted that he had not noticed that his license had been suspended and that he should not have been driving at the time. Judge Ierulli noted that Judge Cusack corrected his original error of sentencing and he denied the defendant's second motion for reconsideration to maintain the 12-year sentence. The defendant asserts that Judge Cusack improperly considered the need to deter others from committing the same offense, but he admits deterrence in a statutory fashion. Judge Cusack improperly considered deterrence. His merit was that the defendant was a regular cannabis user. He drove on a suspended license with cannabis in his system. He lost control of the vehicle and he caused another person's death. In his reply brief, the defendant asserts that unintentional, accidental, and unpremeditated conduct cannot be deterred, but the acts to be deterred are driving under the influence, driving while the license is suspended, and driving with such a deprived or not controlled vehicle, and as a result, causes a death. Let me just, whose judgment are we reviewing, Cusack's or Ierulli's? Well, Cusack is apparently retired, lives on the bench, and Ierulli then reviewed the original sentence on remand. So they both found that the 12-year sentence was appropriate. People note that a violation of 501A6 is a strict liability defense and proof of impairment is not required. In his main brief, the defendant argued that the AU DUI statute requires proof that the defendant's DUI was a proximate cause of the victim's death, but it does not require proof that the defendant's impaired driving resulted in the victim's death. Impairment was never an issue in this case. The people do not argue that the defendant was impaired from the ingestion of this cannabis and this caused the accident. The defendant's bad driving is a resulting accident that is a proximate cause of the victim's death. People stand on a brief for all other arguments as to whether to confirm the defendant's sentence. All right. Thanks, Mr. Oswald. Mr. Fisher, some rebuttals? Thank you, Your Honor. First of all, with respect to issue one, the constitutional challenge to this version of the statute, I agree with Your Honor, Justice Whitmer, on the same. I don't see the nuance or the distinction between under the influence and impairment. To me, I think under the influence means you're impaired, and if you're not, then why do we care whether somebody is under the influence? I think it's one and the same. I haven't seen any case law distinguishing between the two. Also, with respect to the Rennie decision, the defendant in Rennie, on appeal, did not actually make this same constitutional challenge. Now, the defendant in Rennie did challenge this subsection of the under the DUI statute, but simply complained that cannabis should not have been lumped in with other drugs under 501A6, but didn't make any argument based on the scientific advancements occurring since the court's decision. So this argument was not made in Rennie, and Rennie really is an apposite, certainly should not control this court's decision here. With respect to issue two, the sentencing issue, Judge Cusack is the original sentencing judge. He also heard and denied the original motion to reconsider sentence. This case came up on appeal once before this court remanded, because of noncompliance with Supreme Court Rule 604D, on the remand to do a hearing, that it was in the motion to reconsider sentence, filed a new hearing certificate, and that was heard by Judge Byer-Rudin, who said very little, seen the record, said very little, and upheld Judge Cusack's decision. He did ask, well, what's my purpose here? Is this a de novo sentencing hearing, or am I basically just deciding whether Judge Cusack's decision was an abuse of discretion, or appropriate, or what have you, and everyone decided that he was basically reviewing Judge Cusack's decision. So I think in effect, this court is reviewing both of those decisions. I think Judge Byer-Rudin referred quite a bit to Judge Cusack, and so that's the primary decision, but, of course, it's important for your honors to consider both of the decisions, both of the hearings. The state, I think, kind of makes light, I'm not sure if that's the best way to say it, but at least downplays the judge's talk about the terms, saying, well, that's a statutory factor that applies to every case, and I would agree with that, right? If you read the record here, both the original sentencing hearing and the hearing on the motion to reconsider, the first hearing, Judge Cusack made numerous statements about the terms, and it's important to send a message to deter people from driving in such a condition that people die. Clearly, his thinking is he's sentencing this man for impaired driving, and it becomes very clear to his comments, he says, well, because of your longstanding use of cannabis, you should have known something like this was about to happen. It wasn't just a brief reference to the statutory aggravating factor of deterrence. This really shows what was in his mind. He was acting under a serious misapprehension here as to the conduct for which he was sentencing this individual. Well, do we know, based on blood tests, whether your client was impaired or not at the time? There is no showing that he was, and the state didn't even have to prove it, in the Supreme Court in Pupil v. Martin and this court in Pupil v. MoMA, construing the same statute, so there is no requirement of any showing that the individual was under the influence or any correlation between the ingestion of cannabis and the accident, only that the individual had some amount of cannabis or other drugs in his or her system, and that his driving approximately caused the accident, but not that the drug use or the impairment approximately caused the accident. And I would submit that if this individual were charged today, in all likelihood, well, there's at least a strong probability that he could not be prosecuted under the new statute, because we don't know how much cannabis he had in his system, and we don't know when that blood draw was taken either. In fact, I would submit to your honors that had it not been for him going to the hospital after the incident and having that blood draw, he likely would not have been prosecuted in criminal court. Now, going back to one of your honors' earlier questions, perhaps he would have been prosecuted for possession of cannabis, and that would have been appropriate, based on finding cannabis in his system, but certainly would not have been prosecuted in criminal court for this driving incident. One minute, please. Thank you. I mentioned earlier some of the other factors that the judge considered improper. He said the defendant was unlikely to commit another crime, but that it was irrelevant, apparently because of the death of the victim. In sentencing, that has every relevance, and that's something the judge has to consider. He considered pending charges that were dismissed against the defendant. He also, in the motion to reconsider a sentence, seemed to think that the only options were the 12-year sentence or probation, whereas he had between 3 and 14. The last thing I'll say is if you sentence this man to 12 years, what do you do with the individual who clearly drinks or ingests drugs, excess, goes out, drives recklessly, kills somebody, has violence in his background, is not remorseful? What are you left with, 13 or 14? It just doesn't make sense on this record. And that is why the defendant, respectfully, seeks sentencing relief as an alternative to the outright reversal of the law finding the statute was unconstitutional. Mr. Fisher, is it fair to say that there aren't many cases that are going to come before us on the constitutional issue again? I mean, after the amendment. Oh, are there other cases where is it? No, it's a fair decision, sir, right? There aren't going to be many. I know there's one. It's before the court of representative of another individual in my office. But I would agree, because given the amendments to the statute, again, with respect, I believe, July of 2016, I believe that if this court were to, well, I don't know if they'll have to rule on the constitutional issue, but I think it will have a limited impact, because I agree that it will, because of the changes to the statute. Thank you, Mr. Fisher. Thank you, Mr. Fisher. Mr. Ossoll, thank you. We'll take this matter under advisement. We're in this judicial issue right now.